UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------
In re:                            )    Chapter      7
                                  )
GORDON E. PLOOF,                  )    Case No.     06-30845 (ASD)
                                  )
            Debtor.               )    Re:          Doc. I.D. No. 28
---------------------------------------------------

**BRIEF MEMORANDUM AND ORDER
DENYING MOTION TO VACATE DISCHARGE**

On June 8, 2006, the Debtor commenced this bankruptcy case through the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. Filed with the petition, *inter alia*, was a Statement of Intention noting the Debtor's intent to "reaffirm pursuant to 11 U.S.C. § 524(c)" a debt of $12,500.00, related to a 2003 F-150 Ford truck (hereafter, the "Vehicle") valued at $15,000.00.[1] See Statement of Intention; Schedules B & D. No motions under Section 521(2)(B) or Fed. R. Bank. P. 4004(c)(2) were filed, and on September 12, 2006, the Debtor received his discharge (hereafter, the "Discharge"), Doc. I.D. No. 15.

On February 13, 2007, the Debtor filed a Reaffirmation Agreement (hereafter, the "Agreement"), Doc. I.D. No. 27, seeking to reaffirm a debt of $8,817.70 secured by the Vehicle. On March 9, 2007, the Debtor filed a Limited Motion to Vacate Discharge for Purpose of Reaffirmation Agreement (hereafter, the "Motion"), Doc. I. D. No. 28, seeking

---

[1] In the Reaffirmation Agreement that is the subject of this matter, the relevant debt is stated as $8,817.70. As of December 26, 2006, the creditor, Ford Motor Credit Company (hereafter, "FMCC"), valued the Vehicle at $14,325.00. *See Motion for Relief from Stay*, ¶ 8 (hereafter, the "Motion for Relief"), Doc. I.D. No. 17. The Debtor's *Objection* to the Motion for Relief, ¶ 8, Doc. I.D. No. 21, represented the Debtor to be current with regard to all post-petition payments on the Vehicle.

a vacation of the Discharge to allow approval of the Agreement, and representing therein, *inter alia*, that "[t]hrough inadvertence, the reaffirmation agreement was not filed". ¶ 4. On May 2, 2007, the Motion came before the Court for a hearing (hereafter, the "Hearing"). The Debtor offered no legal authorities for his request in the Motion or at the Hearing.

By explicit statutory direction, a reaffirmation agreement is enforceable "only if – (1) such agreement was *made* before the granting of the discharge. . . . ", *inter alia*. 11 U.S.C. § 524(c)(1)(2006) (emphasis added); see, e.g., In re Collins, 243 B. R. 217, 219 (Bankr. D. Conn. 2000). The Agreement was executed, that is, "made", by the Debtor on February 7, 2007 – nearly five months post-Discharge – and therefore, is unenforceable.

The Debtor asserts that vacating the Discharge, followed by approval of the Agreement, will provide a remedy for his inadvertence. Those courts that have favorably entertained motions seeking such relief have done so only under special and compelling circumstances. E.g., In re Edwards, 236 B.R. 124, 127 (Bankr. D. N.H. 1999) ("[t]his Court will not ordinarily vacate discharge orders for the purpose of allowing enforcing reaffirmation agreements. Debtors have § 521(2)(B) and Fed. R. Bankr. P. 4004(c)(2) at their disposal, the use of which should preclude the need for vacating discharge orders to allow enforceable reaffirmation agreements in all but the most exceptional circumstances."). Generally, two factors are considered: (i) the relative prejudice to the parties; and (ii) the degree of the debtor's culpability in allowing the discharge to enter. Moreover, both factors must "tip very strongly in favor of the moving party", id., at 128 (citing, In re Tuan Tan Dinh, 90 B.R. 743, 746 (Bankr. E.D. Pa. 1998)). This Court adopts that view.

In the case at bar, the unenforceability of the Agreement does not appear to

2

prejudice the secured creditor, FMCC, but has the prospect of significantly prejudicing the Debtor. Thus, consideration of prejudice weights in favor of the Debtor. However, the Debtor has offered no reason, other than "inadvertence", to explain his failure to seek reaffirmation approval, or an extension of time to do so, prior to entry of the Discharge. The Debtor's culpability in allowing the Discharge to enter is fatal to his request.

For this reason,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: May 8, 2007                                                                 BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

.